## PORTER v. WOODS.

### No. 2224.

District Court, N. D. Texas,
Dallas Division.

Oct. 10, 1946.

Alfred E. McLane, of Dallas, Tex., for plaintiff.

Carter, Gallagher & Barker, of Dallas, Tex., for defendant.

ATWELL, District Judge.

This complaint was filed on August 20, 1946. It alleges that the defendant is engaged in the used passenger automobile

business under the name of the Ray Woods Auto Company and has a license issued by the Administrator pursuant to Sec. 205(f) (2), of the Act, 50 U.S.C.A.Appendix, § 925(f) (2).

The statement is made that, "At all times heretofore said license was and now is in full force and effect." That the defendant has violated the terms and provisions of Price Regulation 540, and was advised by registered mail through a warning notice, as provided by said Sec. 205(f) (2). That after the receipt of such warning notice, the defendant violated the provisions of said Regulations in a number of instances, which instances are set out in detail, six of which are prior to June 30, 1946, and three of which are after July 25, 1946. The defendant contends that as to the sales which are the basis for the cancellation order prior to June 30, 1946, the expiration of the Act on that date, carried with it any right to sue to cancel the license, and, as to the sales which made the basis for the cancellation suit after July 25, 1946, that no warning notice was given.

The saving clause operative on such irregularities as might have occurred under the Act before its expiration on June 30, 1946, is as follows: " * * * such regulations, orders, price schedules, and requirements shall be treated as still remaining in force for the purpose of sustaining any proper suit, action, or prosecution with respect to any such right, liability, or offense." 50 U.S.C.A.Appendix § 901(b).

Art. 1, Sec. 9, clause 3, of the Constitution protects against ex post facto regulation or legislation.

The defendant cites Lindsey v. Washington, 301 U.S. 397, 57 S.Ct. 797, 81 L.Ed. 1182; Cummings v. State of Missouri, 71 U.S. 277, 4 Wall. 277, 18 L.Ed. 356; Burgess v. Salmon, 97 U.S. 381, 24 L.Ed. 1104; United States v. McFarland, 4 Cir., 15 F.2d 823; United States v. Powers, 307 U.S. 214, 59 S.Ct. 805, 83 L.Ed. 1245; Missouri Pacific R. Co. v. United States, D.C., 16 F.Supp. 752; State v. Gaillard, 101 U.S. 433, 25 L.Ed. 937 and the House of Representatives Report of the 77th Congress on the new Act of July 25, 1946.

Such authorities can be easily multiplied by looking carefully into most any jurisdiction. The riddle arises not from what is clearly understood to be stare decisis with reference to ex post facto, but rather as to the particular facts.

The Circuit Court of Appeals for the Fifth Circuit in Brown v. Wilemon, 139 F.2d 730, definitely held that the licensing under this particular sort of emergency legislation and the subsequent withdrawal of such license, or the fixing of a penalty for the violation of its provisions, was in no sense punitive. That it was a mere consent by the national government for that particular citizen to engage in the business and that it was not a punishment to withdraw that right from him within the meaning of the word, "punitive," or penalty. See also same case by the lower court, 51 F.Supp. 978. This court has no right to disregard a decision so directly in point. I grant that the decision seems to be in conflict with what the Supreme Court had held in Wallace v. Cutten, 298 U.S. 229, 56 S.Ct. 753, 80 L.Ed. 1157.

■ As to the contention with reference to the offenses pleaded after July 25, 1946, when the new Act went into effect, 50 U.S.C.A.Appendix, § 901 et seq., the statement of the pleader for the plaintiff is that, the defendant was operating under a license and that a warning had been given. It is possible that the pleaded warning may be the warning that was given under the old Act. At any rate, the safe course is to overrule the motions to strike and to dismiss. After the evidence shall be placed in the record the court may then determine.

■ Returning to the question of penalty, or punitive damage, insofar as the ex post facto question is concerned when related to the purpose of this suit, which harmonizes with the decision of the Circuit Court of Appeals, Brown v. Wilemon, supra, we have no trouble in logically concluding that the sustaining clause quoted above, and the result thereof on the license permitting one to engage as a dealer in the used car business, shows no increase whatever in the result of ignoring the price regulations touching such activity. The result before the sustaining clause and

after the sustaining clause is the same. There is no change of damage, nor is there any additional punishment. It was cancellation before, and it is cancellation now. It cannot be justly said that there is any increase whatever. It is only such additional punishments, or penalties, that will successfully support a plea of ex post facto under the Constitutional inhibition. Lindsey v. Washington, 301 U.S. 401, 57 S.Ct. 797, 81 L.Ed. 1182; Burgess v. Salmon, 97 U.S. 381, 24 L.Ed. 1104.

The case of United States v. Powers, supra, which dealt with the Connally Hot Oil Act, 15 U.S.C.A. § 715 et seq., is in no sense an authority, either for one side or the other. If it shades either way, it would be slightly supporting of the plaintiff's contentions. Missouri Pacific R. Co. v. United States, D. C., 16 F.Supp. 752, deals with an Act which had no saving clause. The effect of the expiration of a law, or the effect of the repeal of a law, without a saving clause, is too well known to require further observation.

Motions overruled.